# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CLYDE B. WILLIAMS,

        Plaintiff,

    v.                                Case No. 11-C-0572

HON. BRUCE SCHOEDER,

        Defendant.

---

## ORDER

---

Clyde Williams, a prisoner at Columbia Correctional Institution, has filed a self-styled Petition of Mandamus in which he seeks to compel a state court judge release him from prison. In light of the relief requested this action is actually a petition for a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas corpus is the exclusive remedy for state prisoner to effect release from custody). This action must be dismissed for lack of jurisdiction because Williams has exhausted his ability to attack his conviction under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which generally affords prisoners just one round of collateral review. *See Rodriguez v. United States,* 286 F.3d 972, 980 (7th Cir. 2002). Williams was convicted in Wisconsin state court of three counts of first-degree sexual assault of a child. After unsuccessfully pursuing his state court direct appeal, he filed a petition for habeas corpus in this Court which denied relief. *Williams v. Bartow,* 2005 WL 3435038, No. 05-C-89 (E.D. Wis. Dec 13, 2005). On March 20, 2007, the Seventh Circuit Court of Appeals affirmed. *See Williams v. Bartow,* 481 F.3d 492 (7th Cir. 2007).

Regardless of the label, any subsequent motion attacking the prisoner's conviction must, absent permission from the court of appeals to commence a second or successive collateral attack,

be dismissed. *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). As the court explained in *Melton*:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* (internal citations omitted). Thus, under the reasoning of *Melton*, which is equally applicable to petitions attacking state court convictions, the present filing is actually a motion under § 2254. As such this Court is required to dismiss the action for lack of jurisdiction because Williams has not received permission from the Seventh Circuit to commence a second or successive collateral attack.

Even if Williams' suit could properly be classified as a mandamus action, dismissal for lack of subject matter jurisdiction would be required. Williams' target is a Wisconsin state court judge and the issuance of a writ of mandamus directed to any such *state* employee is not within the power granted to federal courts under mandamus. 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

Accordingly this action is **dismissed** for lack of jurisdiction. The motion to proceed *in forma pauperis* is denied.

   **SO ORDERED** this   27th   day of June, 2011.

                              s/ William C. Griesbach
                              William C. Griesbach
                              United States District Judge