# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CLYDE B. WILLIAMS,

    Plaintiff,

v.                                                       Case No. 11-C-0572

HON. BRUCE SCHOEDER,

    Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

On June 27, 2001 this Court dismissed Clyde Williams's case for lack of jurisdiction. (Dkt. 6.) Three days later Plaintiff filed a document entitled a "common traverse file" which this Court will treat as a motion for reconsideration.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiff has presented no new facts and no new law warranting reconsideration. As noted previously, Williams has exhausted his ability to attack his conviction under the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), which generally affords prisoners just one round of collateral review. *See Rodriguez v. United States,* 286 F.3d 972, 980 (7th Cir. 2002). Williams was convicted in Wisconsin state court of three counts of first-degree sexual assault of a child. After unsuccessfully pursuing his state court direct appeal, he filed a petition for habeas corpus in this Court which denied relief. *Williams v. Bartow,* 2005 WL 3435038, No. 05-C-89 (E.D. Wis. Dec 13, 2005). On March 20, 2007, the Seventh Circuit Court of Appeals affirmed. *See Williams v. Bartow,* 481 F.3d 492 (7th Cir. 2007). Any subsequent motion attacking the prisoner's conviction must be dismissed, absent permission from the court of appeals to commence a second or successive collateral attack. *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). Accordingly Plaintiff's self-styled "common traverse file" is dismissed as it seeks reconsideration of this Court's prior order dismissing his case for lack of jurisdiction.

**SO ORDERED** this   6th   day of July, 2011.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge